# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06CR00039 |
| ) | |
| v. ) | OPINION |
| ) | |
| PATRICIA WIDENER, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Patricia Widener, Pro Se Defendant; Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for the United States.*

Defendant Patricia Widener, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). The government filed a Motion to Dismiss, arguing that through a provision in her written plea agreement, Widener waived her right to bring this § 2255 action. The court notified Widener of the government's motion as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and warned her that judgment might be granted for the government if she did not respond to the motion by filing affidavits or other documents contradicting the government's evidence or otherwise explaining her claims. The defendant has not responded. However, the time allotted for her

response has expired, making the matter ripe for the court's consideration. Upon review of the record, I will grant the Motion to Dismiss.

I

Under the indictment, Widener faced numerous charges related to the distribution of methamphetamine. She pleaded guilty on August 21, 2006, pursuant to a written plea agreement, to conspiracy to manufacture more than 500 grams of methamphetamine, in violation of 21 U.S.C.A. §§ 841(b)(1)(a) and 846 (West 2000). In Section 9 of the plea agreement, Widener waived her right to appeal the conviction or sentence imposed. In Section 10, Widener waived her right to "collaterally attack, pursuant to [28 U.S.C.A. § 2255], the judgment and any part of the sentence imposed upon [her] by the Court." Section 6 of the agreement stated that

> I understand that any statements I make (including this plea agreement and my admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing and any statements I make or have made to law enforcement agents, in any setting, may be used against me in this or any other proceeding.

Before accepting Widener's guilty plea, I questioned her to ensure that her plea was knowing and voluntary. Widener indicated that she was forty-three years old, had completed the ninth grade in school, could read and write English, and was not under the influence of alcohol or of any drug that hampered her ability to understand

- 2 -

Case 1:06-cr-00039-JPJ    Document 61    Filed 05/13/08    Page 2 of 7    Pageid#: 187

the proceedings.[1] Widener indicated that she had had adequate time to discuss the indictment and the case with her attorney, that she had initialed each page of her plea agreement and had signed it, and that she understood its terms as summarized by the prosecutor. I asked Widener whether she understood that under the plea agreement, she was waiving her right to appeal and her right to file a collateral attack regarding her sentence or conviction and she answered, "Yes, sir." (Plea Tr. 17-18.) She denied that anyone had made any promise to her, outside the provisions of the plea agreement, or otherwise forced her to plead guilty. Although she expressed regret that she had not taken counsel's advice to accept an earlier plea agreement offer for less time, when I asked whether she wanted to go ahead with the plea or to go to trial, she answered, "Yeah, I'll go with it." (Plea Tr. at 11-12.)

I then reviewed the rights she was waiving by pleading guilty, explained the elements of each charge that the government would have to prove if she went to trial, and heard a summary of the evidence in support of the plea. Widener indicated that she had no questions of the court and that she wanted to plead guilty. I found the plea

---

[1] Widener testified that she had been treated with medication for depression as recently as two or three years before the plea hearing. She indicated that she had never been hospitalized and was no longer taking the medication. (Plea Tr. 7-8.) She also testified that she had been treated for substance abuse in the past. (Plea Tr. 7-8.) When asked about health problems, Widener indicated that she had been diagnosed with Hepatitis C, asthma, emphysema and COPD, but was not taking any medication for these conditions at the time of the hearing. (Plea Tr. 8.)

- 3 -

Case 1:06-cr-00039-JPJ   Document 61   Filed 05/13/08   Page 3 of 7   Pageid#: 188

to be knowing and voluntary, accepted the plea, and adjudged Widener guilty of the offenses. On November 14, 2006, I entered judgment against Widener, sentencing her to 240 months imprisonment and ordering her to pay restitution. In exchange for the guilty plea, the government moved to dismiss the other charges against Widener. She did not appeal.

Widener filed this § 2255 motion in November 2007. She alleged that trial counsel provided ineffective assistance by: (1) failing to investigate the facts and the law related to the case; (2) failing to review discovery materials with petitioner and otherwise consult with her; (3) failing to object to sentence enhancements based on counts of the indictment that were dismissed after the plea agreement, in violation of double jeopardy; and (4) failing to present mitigating circumstances of depression and post traumatic stress syndrome. Widener also alleged that incriminating statements from petitioner to the probation officer in preparation of the presentence report were obtained without counsel and so were wrongfully used against petitioner at sentencing.

II

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and

- 4 -

voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Whether the waiver is "knowing and intelligent" depends "upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992). A narrow category of claims will fall outside the scope of an otherwise valid § 2255 waiver, namely, those involving

> errors that the defendant "could not have reasonably contemplated" when the plea agreement was executed. *[United States v. Blick*, 408 F.3d 162, 172 (4th Cir.2005)]; *see also United States v. Broughton-Jones*, 71 F.3d 1143 (4th Cir.1995) (holding that a valid appeal waiver in which the defendant waived her right to appeal her sentence on the grounds specified in 18 U.S.C. § 3742 did not preclude her from asserting on appeal that a restitution order to which she had formally agreed was not authorized by the applicable statute); *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir.1994) (noting that a defendant who agreed to a general appeal waiver did not waive his right to appeal his sentence on the ground that the proceedings following the entry of his guilty plea were conducted in violation of his Sixth Amendment right to counsel); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir.1992) (noting that a "defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race").

*United States v. Poindexter*, 492 F.3d 263, 270 (4th Cir. 2007).

After determining that statements made during the plea hearing indicated that petitioner had entered a valid guilty plea and waiver of his § 2255 rights, the court in *Lemaster* addressed petitioner's claims only to the extent that they had some alleged

bearing on the validity of the plea. 403 F.3d at 222-23. Once the court had upheld the validity of the § 2255 waiver and determined that all claims fell within its scope, the court dismissed all petitioner's claims as waived. *Id.* at 223.

III

Applying these principles, I find that Widener entered a valid waiver of her right to bring this collateral attack under § 2255. I specifically questioned Widener during the plea hearing about the waiver provisions. She indicated that she understood the waiver and the consequences of her guilty plea and was entering the plea voluntarily. Moreover, I sentenced her pursuant to the sentencing guidelines, in keeping with the plea agreement for which she bargained. Indeed, Widener herself makes no argument that her guilty plea, her plea agreement, or its waiver provisions are in any way invalid.

I also find that none of Widener's current claims implicate the validity of her guilty plea or the plea agreement waiver of her § 2255 rights. Because Widener was sentenced within the guideline range, admits to having representation during sentencing, and alleges no impermissible factor such as race related to her sentence, I do not find that any of her claims fall under the waiver exceptions. Therefore, I find

- 6 -

Case 1:06-cr-00039-JPJ   Document 61   Filed 05/13/08   Page 6 of 7   Pageid#: 191

that she is bound by the plea agreement waiver of her right to bring this § 2255 motion.

IV

For the stated reasons, I find that Widener entered a valid plea agreement waiver of her right to bring this collateral attack and that all of her current claims are waived. Accordingly, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

ENTER: May 13, 2008

/s/ JAMES P. JONES
Chief United States District Judge